UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:06-cr-31 |
| | ) | Judge Edgar / Carter |
| MAURICE ALEXANDER JOHNSON | ) | |

**MEMORANDUM AND ORDER**

This case is currently scheduled for trial on September 4, 2007, and for a final pretrial conference on August 31, 2007. [Doc. No. 39]. After his motion to suppress evidence was denied, defendant Johnson engaged in plea negotiations with the United States Attorney. Instead of entering into a plea agreement, defendant on August 16, 2007, moved to dismiss the indictment with prejudice under the Speedy Trial Act ("STA"),18 U.S.C. §§ 3161 - 3162. [Doc. No. 39].

The government opposes the motion. [Doc. No. 43]. The government argues that although a technical violation of the STA may have occurred, the Court should apply the doctrine of judicial estoppel. The government contends defendant is estopped from seeking dismissal of the indictment based on an alleged violation of his rights under the STA. In the alternative, the government argues the indictment should be dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2).

After reviewing the record and calculating the applicable STA time limits and exclusions pursuant to 18 U.S.C. § 3161(c) and (h), the Court finds that there has been an inadvertent violation of the STA and that defendant Johnson has not been brought to trial within the time limit required by 18 U.S.C. § 3161. The Court will not apply the doctrine of judicial estoppel. For the following

1

reasons and for the reasons expressed by the government in its response [Doc. No. 43], the indictment will be dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2).

**I.     Facts**

After his arrest, defendant Johnson made his initial appearance before a Magistrate Judge on March 31, 2006. The federal grand jury returned an eight-count indictment on April 11, 2006. [Doc. No. 7]. Count One of the indictment charges defendant with conspiracy to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. Counts Two through Seven charge defendant with distributing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Count Eight charges that defendant possessed with intent to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).

On April 13, 2007, defendant was arraigned on the indictment and detained without bond. It was at this point – the arraignment on April 13, 2007 – that the STA "clock" commenced to run under 18 U.S.C. § 3161(c)(1). Section 3161(c)(1) generally provides that the trial of defendant Johnson shall commence within 70 days from the date of his arraignment. 18 U.S.C. § 3161(h) provides that certain periods of delay shall be excluded in computing the 70-day time limit. *See e.g. United States v. Gardner*, 488 U.S. 700, 717-18 (6th Cir. 2007).

On April 13, 2007, the Magistrate Judge entered a scheduling order [Doc. No. 14] and set the trial for June 26, 2006. On May 11, 2006, defendant made his first motion for continuance of the trial. [Doc. No. 20]. Defendant asserts that as of May 11, 2006, 26 days of the 70-day time limit under the STA had elapsed. The defendant's first motion for continuance was granted and on June 2, 2006, the Court entered an order rescheduling the trial for July 24, 2006. [Doc. No. 21].

On May 25, 2006, defendant made a motion to substitute new counsel [Doc. No. 18], and the motion was granted on May 26, 2006. [Doc. No. 19]. On June 1, 2006, defendant's new counsel made a second motion for continuance of the trial. [Doc. No. 20]. At this juncture, four more STA days had elapsed. The Court granted the defendant's second motion for continuance on June 2, 2006, and rescheduled the trial for July 24, 2006. [Doc. No. 21].

On June 5, 2006, defendant, with the Court's permission, filed a late motion to suppress evidence. [Doc. No. 23]. The Court referred the suppression motion to Magistrate Judge William B. Mitchell Carter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). [Doc. No. 25]. Magistrate Judge Carter held an evidentiary hearing on September 12, 2006. The hearing transcript was prepared and filed on September 25, 2006. On January 16, 2007, the government filed a post-hearing brief. [Doc. No. 34]. On February 16, 2007, Magistrate Judge Carter submitted his report and recommendation. [Doc. No. 36]. On February 19, 2007, defendant filed objections [Doc. No. 37]. The government did not respond to the defendant's objections.

The Court then took the defendant's motion to suppress and the report and recommendation under advisement. The Court carefully reviewed the matter because the defendants' suppression motion raised some novel, complex questions of law. On July 27, 2007, the Court adopted the report and recommendation, and denied the suppression motion. [Doc. No. 38]. On July 27, 2007, the Court also rescheduled the trial for September 4, 2007. The Court inadvertently did not on July 27, 2007, make contemporaneous findings pursuant to the STA, 18 U.S.C. § 3161(h)(8), that the ends of justice served by taking such action and by the delay in ruling on the suppression motion outweighed the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(F) provides that "delay resulting from any pretrial motion, from the

3

filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded in computing the STA 70-day time limit. 18 U.S.C. § 3161(h)(1)(J) provides that "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" shall be excluded in computing the STA 70-day time limit. The period of time from June 5, 2006, when defendant made his suppression motion) through February 19, 2007, when defendant filed his objections to the Magistrate Judge's report and recommendation, constitutes delay that is properly excluded under the STA pursuant to 18 U.S.C. § 3161(h)(1)(F).

The primary issue in calculating the running of the STA clock focuses on the period of time from February 19, 2007, when the case was taken under advisement by the Court through July 27, 2007, when the Court adopted the report and recommendation denying the suppression motion. Only the first 30 days of this time period – from February 19 through March 21, 2007 – constitutes delay that is excluded. Based on § 3161(h)(1)(F) and (J), the time period from March 22, 2007, through July 27, 2007, does not constitute excluded delay under the STA.

In sum, the 70-day time limit under the STA for bringing the defendant's case to trial has been exceeded. But the delay has not been excessive and the delay has not been caused by any prosecutorial misconduct.

**II.   Analysis**

The Court finds that defendant Johnson has made out a *prima facie* case that the STA has been violated. 18 U.S.C. § 3162(a)(2) provides that if a defendant is not brought to trial within the time limit required by 18 U.S.C. § 316(c)(2) as extended by § 3161(h), the indictment shall be

dismissed on motion of the defendant. *Gardner*, 488 F.3d at 717.

The STA does not specify whether dismissal of the indictment should be with or without prejudice, nor does the STA contain a default presumption one way or the other. *United States v. Taylor*, 487 U.S. 326, 334 (1988); *United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000). In determining whether to dismiss the indictment with or without prejudice, the Court is required to consider the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which lead to the dismissal; and (3) the impact of a reprosecution of the defendant on the administration of the STA and on the administration of justice. 18 U.S.C. § 3162(c)(2); *Taylor*, 487 U.S. at 334; *United States v. Robinson*, 389 F.3d 582, 588-89 (6th Cir. 2004); *Howard*, 218 F.3d at 561-62; *United States v. Moss*, 217 F.3d 426, 430 (6th Cir. 2000); *United States v. Coffelt*, 2007 WL 896177, * 4 (E.D. Tenn. March 22, 2007).

The Court concludes that the indictment against defendant Johnson shall be dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2). All three of these factors weigh in favor of dismissal without prejudice.

With regard to the first factor, the seriousness of the offenses charged in the indictment, defendant readily concedes that the first factor weighs in favor of dismissal without prejudice. [Defendant's Memorandum, Doc. No. 42, p. 2]. This is not in dispute. The requirement that the Court consider the seriousness of the offenses charged simply demands that the gravity of the crimes be carefully considered. *Coffelt*, 2007 WL 896177, at * 5. After reviewing the indictment and taking into consideration the substantial sentencing ranges involved, the Court finds that for purposes of 18 U.S.C. § 3162(a)(2), the offenses charged against defendant Johnson in the indictment are serious and clearly favor dismissal without prejudice.

Based on the totality of the facts and circumstances in this case, the Court further finds that the second factor weighs in favor of dismissal of the indictment without prejudice. The relatively small delay in this case that runs afoul of the STA is not the result of any prosecutorial misconduct, abuse, or bad faith on the part of the United States government. The government has not sought to gain or take some unfair tactical advantage over the defendant by the delay. *See e.g. Robinson*, 389 F.3d at 588; *Coffelt*, 2007 WL 896177, at * 6-7. The record shows that defendant Johnson has been the catalyst for much of the delay in bringing this case to trial.

Moreover, there has not been a protracted and inexcusable period of inactivity on the part of the Court that warrants dismissal of the indictment with prejudice. Although the delay in the instant case is not insubstantial, it is not severe enough to warrant dismissal with prejudice. *Robinson*, 389 F.3d at 598 (district court's delay not severe enough to warrant dismissal with prejudice); *Howard*, 218 F.3d at 561; *Coffelt*, 2007 WL 896177, at ** 6-7.

In support of his motion to dismiss with prejudice, defendant Johnson cites *Moss*, 217 F.3d 426. His reliance on *Moss* is misplaced. The instant case is distinguishable from *Moss*, 217 F.3d 426, which involved a much more egregious violation of the STA and excessively long delay. In *Moss*, the Sixth Circuit held that an indictment must be dismissed with prejudice where the district court sat on a defendant's suppression motion for more than ten months without adequate explanation and the district court postponed several trial dates without ever ruling on the suppression motion. Unlike the facts in *Moss*, this Court in the instant case did rule on defendant Johnson's suppression motion and the relatively short delay here does not come close to the excessive ten month delay in *Moss*.

The third factor the Court must consider is the impact of a reprosecution on the

administration of the STA and on the administration of justice. When examining the third factor, the main considerations are whether defendant Johnson has suffered actual prejudice as a result of the delay, and whether the government engaged in prosecutorial misconduct which must be deterred to ensure future compliance with the STA. *Robinson*, 389 F.3d at 589; *Moss*, 217 F.3d at 431-32; *Coffelt*, 2007 WL 896177, at * 7.

The Court concludes that the third factor weighs in favor of dismissal of the indictment without prejudice. If the indictment is dismissed without prejudice and if defendant Johnson is subject to being indicted again and reprosecuted, it will not have a negative impact on the administration of the STA and on the administration of justice. As discussed *supra*, the Court has determined that there is no prosecutorial misconduct.

Defendant has not made a sufficient showing that he has suffered actual prejudice as a result of the delay. Defendant must show particularized actual prejudice such as: (1) prejudice to a viable defense to the criminal charges on the merits due to a loss of material evidence; (2) interference with his liberty, whether he is free on bail or not; and (3) disruptions in his employment, a drain on his financial resources, subjection to public obloquy, and creation of undue anxiety in the defendant, his family and friends. *Taylor*, 487 U.S. at 340; *Robinson*, 389 F.3d at 589; *Moss*, 217 F.3d at 432; *Coffelt*, 2007 WL 896177, at * 7.

Defendant Johnson makes vague, conclusory allegations that fall far short of a particularized showing of actual of prejudice. Counsel for defendant merely repeats the language and key phrases from the case law in an effort to assert a bare claim of prejudice. Without giving any specific details and explanation, defendant merely contends that there is prejudice to the merits of his case because he is being detained in custody and he is unable to assist in his defense. Defendant does not bother

7

to provide any specific facts which support this vague, conclusory statement. Defendant does not explain how he would be able to assist in his own defense if he was not in detention. As the government points out in its response, it is highly unlikely that defendant Johnson is in a position to be released from incarceration to assist in preparing this case for trial since he is also incarcerated based on a separate murder charge pending in Tennessee state court in Bradley County, Tennessee. In addition, he has a pending federal charge of violation of supervised release.

It is the Court's understanding that the government's proof at trial will consist of wiretap evidence, testimony from a confidential informant who made controlled purchases of crack cocaine from defendant, and law enforcement officers who arrested defendant while he was in possession of crack cocaine. Under the circumstances, the Court does not see how the defendant could substantially assist in preparing his defense for trial if he were to be released from detention. The delay in the trial has not had a negative effect on the defendant's ability to mount a defense at trial. Defendant does not contend that the delay has caused him to suffer a loss of any material evidence.

Defendant goes on to contend in a vague, conclusory manner that detention has interrupted his liberty, disrupted his employment, drained his financial resources, curtailed his associations, subjected him to public obloquy, and created anxiety in defendant, his family and friends. For the reasons expressed by the government in its response [Doc. No. 43, pp. 8-9], the Court finds that the defendant's bare contentions of actual prejudice lack sufficient supporting facts and details and are not persuasive. Based on these vague, unsupported allegations and the meager information furnished by defendant, the Court cannot find that he has demonstrated the actual prejudice necessary to warrant dismissal of the indictment with prejudice.

### III. Conclusion

Accordingly, the defendant's motion to dismiss the indictment with prejudice [Doc. No. 39] is **GRANTED IN PART** and **DENIED IN PART** as follows.  The motion is **GRANTED** to the extent that defendant moves to dismiss the indictment.  The motion is **DENIED** to the extent that defendant moves for dismissal with prejudice.  The indictment against defendant Maurice Alexander Johnson is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 18 U.S.C. § 3162(a)(2).  The trial scheduled on September 4, 2007, and the final pretrial conference scheduled on August 31, 2007, are **CANCELED**.

SO ORDERED.

ENTER August 29, 2007:

                                                                */s/   R. Allan Edgar*
                                                                      R. ALLAN EDGAR
                                                         UNITED STATES DISTRICT JUDGE